UNITED STATES *v.* BRIER MANUFACTURING CO. (NO. 3675)[1]

United States Court of Customs and Patent Appeals, March 26, 1934

*Charles D. Lawrence,* Assistant Attorney General (*Hugo P. Geisler,* special attorney, of counsel), for the United States.

*Walden & Webster* (*Edward F. Jordan* and *J. L. Klingaman* of counsel) for appellee.

[Oral argument February 15, 1934, by Mr. Lawrence and Mr. Klingaman]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Certain imitation, iridescent parts of pearls, imported at the port of New York, were assessed by the collector with duty at 90 per centum ad valorem. On May 11, 1931, the importer protested the classification, claiming, among other things, that the merchandise was dutiable at 20 per centum ad valorem under paragraph 1528 of the Tariff Act of 1930, as "imitation half pearls * * * with hole partly through only."

The report of the collector, found in the record, is dated August 21, 1931, and is as follows:

Respectfully referred to the United States Customs Court for decision.

Duty was assessed at the rate provided in the Tariff Act of 1930 for imported merchandise of the kind described by the entry or returned by the appraiser on the invoice. Note the appraiser's report herewith.

The protest was received within the statutory time.

[1] T. D. 46993.

On August 11, 1931, the appraiser, in a document entitled "Answer to protest 521318–G", said:

> The merchandise in question consists of iridescent imitation solid pearls valued at not more than 10¢ per inch. It was returned for duty as such at 90% under par. *1527*, act of 1930. (Italics ours.)

The pertinent portions of said paragraph 1528, which have been numbered and italicized by us, are as follows:

> PAR. 1528. * * * [1] *imitation half pearls, and hollow or filled imitation pearls of all shapes, without hole, or with hole partly through only, 20 per centum ad valorem;* * * * imitation solid pearls and [2] *iridescent imitation solid pearls, unpierced, pierced, or partially pierced, loose, or mounted, of whatever shape, color, or design, shall bear the same rate of duty as is applicable under paragraph 1503 to beads of the same character.*

The pertinent portion of paragraph 1503 of the Tariff Act of 1930 reads:

> PAR. 1503. * * * iridescent imitation solid pearl beads, valued at not more than 10 cents per inch, 90 per centum ad valorem * * *.

It will be observed that the appraiser states that the goods were returned for duty at 90 per centum as iridescent, imitation solid pearls, valued at not more than 10 cents per inch under paragraph *1527*, Tariff Act of 1930. As is stated in the opinion of the trial court, paragraph 1527 has no application to the merchandise involved, and the figure "7" was, obviously, an error. There is no 90 per centum duty provision in paragraph 1527.

The first division of the United States Customs Court, one judge dissenting, sustained the protest and held that "The merchandise having been erroneously classified by the collector, the presumption of correctness attaching to his action is without force or effect." The court found that the proper classification of the merchandise was under the first provision of paragraph 1528. The Government has appealed from the trial court's judgment.

We think that by the use of the above language it also was the conclusion of the trial court that the collector erroneously classified the merchandise under paragraph 1527. The majority opinion also pointed out the failure of the plaintiff to introduce any testimony as to the character of the merchandise and stated:

> From an inspection of Exhibit 1 we are satisfied that this merchandise is covered by the above-quoted and italicized portion of paragraph 1528 [imitation half pearls].

The dissenting judge was of the opinion that it was not proper to hold, from an examination of the exhibit representing the merchandise, that the classification of the collector had been overcome, and that it was the duty of the importer to introduce some testimony proving that its merchandise came within the claimed provision and that it did not come within the provision where classified.

Exhibit 1 represents the imported merchandise and consists of a number of iridescent, imitation part pearls. Each of the articles is flat on one side and round on the other, with a hole on the flat side, drilled part way through. Owing to the shape of the articles, it seems obvious that they are not of the character that are strung into beads by the insertion of a thread or cord. They have the appearance of being half of a sphere, but there is no proof in the record that shows that they are imitation half pearls. As far as we know, they may be three-quarter pearls or five-eighth pearls, or parts of pearls responding to some other designation.

It would seem that the importer could easily have shown the character of its merchandise, so as to entitle it to the relief here sought, if the articles, in fact, are imitation half pearls. The Government contends that they are solid pearls. They were so classified by the collector, and there is no evidence touching this question, nor is there cited any authority on the subject.

The importer admits in this court that its merchandise was assessed by the collector at "90% ad valorem as iridescent imitation solid pearls under paragraph 1503, act of 1930, by virtue of the concluding clause of paragraph 1528 of that act", and its argument here is to the effect that the sample itself overcomes the presumption of the correctness of the collector's classification; that the trial court, upon the examination of the sample and the exercise of its judicial knowledge found that the importation consisted of imitation half pearls, and that under the authority of cited cases this court should not reverse the trial court, unless its finding was without evidence to support it or was clearly contrary to the weight of the evidence.

Under the circumstances of this case, it is not necessary to consider the effect of the report of the collector and the answer of the appraiser, both of which seem to be untimely. The classification by the collector of the involved merchandise as "iridescent imitation solid pearls" and the levying of duty thereon at 90 per centum ad valorem is not only admitted by the appellee, but the red-ink notation made on the invoice would seem to confirm this conclusion.

This court has the same facts before it as did the trial court. This court must also exercise its judicial knowledge when necessary and proper to do so. We cannot say from an examination of the exhibit that the imported articles are imitation half pearls, and that the collector was wrong in his classification. Judicial knowledge, aided by an examination of many authorities on pearls, has not been of help to us in this connection.

Under the circumstances of this record, we do not think the trial court was justified in holding that the exhibit overcame the presumption of correctness of the classification of the collector.

The judgment of the United States Customs Court is *reserved.*